# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| JAMES WILLIS BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV408-255 |
| AL ST. LAWRENCE, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Using a 42 U.S.C. § 1983 form-complaint, James Willis Brown asks this Court to change his 1990 state-court "felon" conviction to a misdemeanor, as he believes that this will affect the disposition of what apparently are pending state-court criminal charges against him. Doc. 1 at 2-4.[1] He otherwise seeks no money damages; nor

---

[1] The substance of plaintiff's complaint reveals that at most he brings a habeas action, which means that his current custodian (sheriff Al St. Lawrence) is the proper party defendant. *See Rumsfield v. Padilla*, 542 U.S. 426, 435-36 (2004) ("the proper respondent to a federal habeas petition is 'the person who has custody over [the petitioner]'"); *see also* Rule 2(b), Rules Governing 28 U.S.C. § 2254 Cases. Accordingly, the Court has deleted "The

does he allege that anyone in particular has violated his constitutional or federal rights. *Id.* To that end, Brown seeks leave to proceed in forma pauperis (IFP). Doc. 2.

The right to proceed IFP in litigation in the federal district courts is governed by 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases sua sponte if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). The power to sua sponte dismiss IFP cases "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do

---

Office of the District Attorney" and "Spencer Lawton" (Brown's original captioned defendants) and named as the captioned defendant Sheriff Al St. Lawrence, the real party in interest. St. Lawrence is the current sheriff of Chatham County, Georgia, http://www.chathamsheriff.org/sheriff.htm (last visited Apr. 16, 2009), and the supervisory official responsible for the overall management of the county's jail system, where Brown says he is now housed. http://www.chathamsheriff.org/correctionstruct.htm (last visited Apr. 16, 2009). All subsequent filings shall conform.

not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Cofield v. Alabama Pub. Servs. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991); *see also* 28 U.S.C. § 1915A(b)(1)-(2).

In all cases, of course, substance must govern over nomenclature. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category. . . . They may do so in order to avoid an unnecessary dismissal"); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 164 (1984). By seeking habeas relief (modification of a previous state court conviction to alter the disposition of pending state criminal charges against him), Brown advances no cognizable § 1983 claim but instead is asserting a 28 U.S.C. § 2241[2] federal habeas claim. *Preiser v. Rodriguez*, 411

---

[2] 28 U.S.C. § 2241 provides a federal habeas remedy to a state pretrial detainee who contends that he is being held in custody in violation of the Constitution, laws, or treaties of the United States. *Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); *Stacey v. Warden, Appalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly

U.S. 475, 499 n. 14 (1973) (to the extent a prisoner attacks the legality of his custody or is seeking release from custody, "his sole federal remedy is a writ of habeas corpus").

Put another way, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser*, 411 U.S. at 489); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). That is why the federal habeas statutes and § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate §

---

brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."). While § 2241 does not contain an exhaustion requirement similar to that found in 28 U.S.C. § 2254, courts have adopted such a requirement for § 2241 petitions. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *see Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254"). "[T]he [common law exhaustion] requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions." *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1974); *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975) (finding that under principles of federalism, exhaustion is required before pretrial writ can be issued); *see Wilson v. Hickman*, 85 F. Supp. 2d 1378, 1380 (N.D. Ga. 2000).

1983 civil rights action." *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006).

Since Brown's claim is ultimately aimed at challenging the legality (i.e., the ultimate length) of his confinement, it falls within the "core" of habeas corpus and thus may not be bought under § 1983. *Wilkinson*, 544 U.S. at 79; *Nelson*, 541 U.S. at 643. And before Brown can pursue federal habeas relief, he must first exhaust his state remedies. Here, Brown himself adverts to a state criminal proceeding against him. If he believes that his current pretrial detention or expected penal sentence is or will be unlawful, he has an available state remedy, for Georgia law gives "[a]ny person restrained of his liberty as a result of a sentence imposed by any state court of record [the right to] seek a writ of habeas corpus to inquire into the legality of the restraint." O.C.G.A. § 9-14-1(c).

He also has the option of going to trial in the state criminal case and then directly appealing any conviction. Thus, he has available state remedies that he must exploit before seeking *federal* habeas relief here. *See Fields v. Tankersley*, 487 F. Supp. 1389 (S.D. Ga. 1980) (federal court could not consider challenge to state

court's denial of bail until petitioner first exhausted his state habeas remedies); *D'Angelo v. Taylor*, 2008 WL 3861893 at * 2 (S.D.Ga. Aug 18, 2008) (unpublished); *Morgan v. St. Lawrence*, 2007 WL 1812630 at * 2 (S.D. Ga. June 19, 2007) (unpublished).

Accordingly, the Court **GRANTS** James Willis Brown's IFP motion. Doc. 2. However, the district judge should recharacterize his 42 U.S.C. § 1983 complaint as a 28 U.S.C. § 2241 federal habeas petition, then **DISMISS** it **WITHOUT PREJUDICE** for lack of exhaustion.

**SO ORDERED** this 20th day of April, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**